UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2020 FEB 21  P 2: 45

| | | |
|---|---|---|
| IVAN D. FOST Pro se, | : | |
| | : | |
| Plaintiff, | : | INFORMAL |
| v | : | |
| THOMAS JEFFERSON UNI- | : | NOTICE OF MOTION |
| VERSITY HOSPITAL INC., | : | |
| | : | FOR SUMMARY JUDGEMENT & |
| DR. STEPHEN KLASKO, THE | : | |
| BOARD OF DIRECTORS AND | : | TRO EX-PARTE RELIEF |
| JEFF HOSPITAL NJ, AND | : | |
| TJUH INC., KELLY WALENDA | : | SUPPORTED BY INFORMAL |
| | : | |
| ESQ., BOARD DOES 1-57, OFF | : | LETTER BRIEF |
| DOES 1-20, DOC DOES 1-20, | : | |
| DR. TESSDALE, JEFF HEALTH NJ | : | |
| Defendants : | | |

I IVAN D. FOSTER, Pro se a resident of the state of New Jersey brings this action against Thomas Jefferson University Hospital Inc. of Philadelphia Pennsylvania and

Jeff Health NJ.

## **PLAINTIFF MOVES FOR SUMMARY JUDGEMENT ON THE EMTALA FAILING TO STABILIZE COMPLAINTS AND FOR TRO RELIEF AS SETFORTH IN THE VERIFIED COMPLAINT**

Plaintiff Ivan D. Foster ask this court on 2/20/2020 to grant summary judgement on the plaintiff's failure to stabilize claims, and for a TRO ordering the Defendants to do a doppler Ultrasound on the plaintiff's kidneys by 2/22/20 in order to prevent further harm to the plaintiff's organs (kidneys & heart).

## **SUPPORTING LEGAL ARGUEMENT**

UNDER EMTALA IT IS MANDATED THAT A PARTICIPATING HOSPITAL ED/ER MUST STABILIZE A PATIENT WITH AN EMC PRIOR TO DISCHARGE OR TRANSFERRING THE PATIENT

Plaintiff was discharged by TJUH/JEFF HEALTH NJ on numerous times over 20 times without his blood pressure being stabilized. Plaintiff states that:

(1) he had an emergency medical condition (EMC), on his numerous trips to the ed/er

from 1/1/20 to 2/17/20;

(2) the hospital actually knew of the plaintiff's e (EMC) because they treated the plaintiff on every visit for an (EMC) except the 2/17/20 visit,

(3) the patient was not stabilized before being discharged because the plaintiff had to keep going back to the ed/er at TJUH/JEFF HEALTH NJ, and getting (EMC) Treatment for his high blood pressure, which plaintiff alleges objectively shows he was not stabilized and discharged while not being stabilized still with high blood Pressure from 1/1/20 to 2/9/20.

Plaintiff will rely on exhibit 1 which are print outs from TJUH my chart showing how many times I was illegally discharged from the er and returned with an (EMC) of high blood pressure and treated for it again.

In Love v. Rancocas Hospital, 2005 WL 1541052 (D.N.J., June 29, 2005) the court held failure to stabilize a patient's blood pressure was the endpoint of the legal

analysis, due tot he fact that one of the er physcians would have admitted Ms. Love.

In my case there exist the same circumstances because on 1/1/20 Dr. Pagano wanted

to admit me for my Hypertension, yet only 3 days later after I had complained about

Dr. Pagano delayed treatment I returned to the TJUH/JEFF HEALTH er for the exact

same hypertension issues and a blood pressure of 198/111 and Dr. Pagano would not

treat me, which I allege was done because I am a Black?African American Man.

Another important part of the stabilization requirement is that the patient's condition

be stabilized:

Stabilized means that no material deterioration of the condition is likely, within
reasonable medical probability, to result from or occur during the transfer of the
individual from a facility.

Transfer also includes being discharged, and in this case the plaintiff's

blood pressure was never being stabilized and causing the plaintiff to have to keep

returning to the TJUH/JEFF ed/er because the plaintiff's high blood pressure can and

did cause further deterioration of the plaintiff's heart as objectively shown by a new

Inverted T Wave axis on the plaintiff's ECG/EKH.

So it is imperative that the plaintiff get an expedited doppler ultrasound of his kidneys to ensure the plaintiff's health so the case can move forward, otherwise hospitals could injure someone and drag out litigation to cause further stress and harm to a Plaintiff which I allege is being done in this case by TJUH Inc. officers and board of directors with the assistance of Kelly Walenda Esq. .

F. R.C.P. 56 allows for an order of summary judgement if there are no issues of material fact, and as for the EMTALA claim of not being stabilized it is objectively proven that I was discharged on the dates in the verified complaint from the TJUH/JEFF HEALTH NJ without being stabilized.

Plaintiff alleges that this allows summary judgement on the wrongful discharge Allegations also.

F.R.C.P. 65 TRO injunctive relief is allowed if the plaintiff the moving party in this matter can prove four things which are:

1. The likelihood that the applicant will prevail on the merits at the final hearing:

As stated above it is objectively proven that I was dismissed with my hypertension not being stabilized.

2. The extent to which the plaintiffs are being irreparably harmed by the conduct complained of:

Plaintiff asserts that his kidneys& heart are being further damaged by poor blood flow in his kidneys, and from the kidney disease he got from the 1/17/20 Contrast ct scan which can be observed from a doppler ultrasound.

3. The extent to which the defendants will suffer irreparable harm if the preliminary injunction is issued:

The defendants will suffer no harm from the TRO for the plaintiff to have a doppler exam by 2/22/20, because the defendants can bill the plaintiff's Medicaid.

4. The public interest:

It is in the public's interest that the TRO be granted to protect and preserve injured Patients, so that they can pursue justice in a Court of Law to redress anyone who has violated their Civil Rights and all rights, and to ensure that patients are being Given adequate treatment whether they complained about poor service from the Hospital before or during their current hospital stay.

Plaintif ask this court to look at the cases of DiCarlo v. St Mary Hospital 530 F.3d 255 C.A.3 (NJ) 2008 setting forth:

"A plaintiff may be entitled to relief under the covenant [of good faith and fair dealing] if its reasonable expectations are destroyed when a defendant acts with ill motives and without any legitimate purpose." Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs., 182 N.J. 210, 226, 864 A.2d 387 (2005)

And the case of Guerrero v. Burlington County Memorial Hospital, 360 A.2d 334, 70 N.J. 344(1976) which set forth that a judge may intervine when the hospital actions appear to be unreasonable or strike down actions that are discriminatory or unfair.

Plaintiff asserts that it is unfair and discriminatory for the defendants to deny him A Doppler ultrasound by 2/22/20 because if not granted the plaintiff may not be able to pursue his claim and thereby denying this court of its power to adjudicate. The plaintiff sums by stating that these are very serious life and possible death issues.

I declare under the penalty of perjury the above is the truth to the best of my memory.

/IVAN D. FOSTER/
Ivan D. Foster

2/20/20