NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IVAN D. FOSTER, | : |
| Plaintiff, | : Civil No. 20-1905 (RBK/JS) |
| v. | : **OPINION** |
| DR. STEPHEN KLASKO, *et al.*, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon *pro se* Plaintiff Ivan Foster's second Motion for an *ex parte* Temporary Restraining Order ("TRO") (Doc. 8, "Mot.")

**I.     BACKGROUND**

In February 2020, Plaintiff filed a Complaint with the Court and simultaneously filed a Motion for a TRO. (Doc. 1, "Compl."; Doc. 2, "First Mot.") Plaintiff alleged that he had visited the emergency room of Thomas Jefferson University Hospital ("Jefferson") on at least 20 occasions. (Compl. ¶ 2.) Plaintiff asserted that he was repeatedly discharged despite exhibiting high blood pressure. (*Id.* ¶¶ 12–13.) Plaintiff filed a Complaint, alleging causes of action under the Emergency Medical Treatment and Active Labor Act ("EMTALA") for failure to screen and failure to stabilize. The Court denied Plaintiff's first Motion for an *ex parte* TRO, finding that Plaintiff had failed to demonstrate irreparable harm and a likelihood of success on the merits. (Doc. 5.) Later, the Court dismissed Plaintiff's Complaint, finding that it failed to state a claim for relief under either EMTALA claim. (Doc. 7.)

1

Plaintiff brings the present Motion, arguing that in its prior order, the Court "failed to address [Plaintiff's] failure to stabilize claims made in [his] petition for redress against the defendants." (Mot. at 1.) Plaintiff argues he is "entitled to *ex[] parte* TRO relief" because "Plaintiff will succeed on the failure to stabilize claims[.]" (*Id.* at 2.) Although it is not entirely clear what relief Plaintiff is currently seeking, Plaintiff asserts that he has been released from Jefferson with high blood pressure "20 or more times," in violation of EMTALA. (*Id.*)

## II.  LEGAL STANDARD

In order to obtain the extraordinary remedy of a TRO, a plaintiff must demonstrate the following: (1) "it is likely to succeed on the merits"; (2) "it is likely to suffer irreparable harm absent issuance of the injunction"; (3) the balance of equities does not disfavor granting an injunction; and (4) public interest concerns do not outweigh the interests advanced by issuance of the injunction." *Fres-co Sys. USA, Inc. v. Hawkins*, 690 F. App'x 72, 75 (3d Cir. 2017); *see also NutraSweet Co. v. Vit-Mar Enters. Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (explaining that plaintiff must show each element or injunctive relief will be denied).

EMTALA requires hospitals to provide emergency patients with "an appropriate medical screening examination . . . to determine whether or not an emergency medical condition exists." 42 U.S.C. § 1395dd(a). If screening reveals an emergency medical condition, the hospital is required to provide stabilizing treatment, or to transfer the patient to another hospital that can provide such treatment. 42 U.S.C. § 1395dd(b)(1); *Torretti v. Main Line Hosp., Inc.*, 580 F.3d 168, 172 (3d Cir. 2009) ("EMTALA requires hospitals to give certain types of medical care to individuals presented for emergency treatment: (a) appropriate medical screening, (b) stabilization of known emergency medical conditions and labor, and (c) restrictions on transfer of unstabilized individuals to outside hospital facilities."). EMTALA does not create a federal cause of action for

malpractice, but it does allow private plaintiffs to sue when hospitals fail to provide an appropriate screening and when hospitals fail to stabilize an emergency medical condition. 42 U.S.C. § 1395dd(d)(2)(A); *see Toretti*, 580 F.3d at 172 (noting that under EMTALA "[l]iability is determined independently of whether any deficiencies in the screening or treatment provided by the hospital may be actionable as negligence or malpractice.").

In order to plead a failure-to-stabilize claim, a plaintiff must show that he "(1) had an emergency medical condition; (2) the hospital actually knew of that condition; and (3) the [plaintiff] was not stabilized before being transferred." *Toretti*, 580 F.3d at 178. A plaintiff is stabilized under EMTALA if "no material deterioration of the condition is likely, within reasonable medical probability, to result from or occur during the transfer of the individual." 42 U.S.C. § 1395dd(e)(3)(B).

### III.  DISCUSSION

The Court finds that Plaintiff has failed to satisfy the standard for issuance of extraordinary relief via a TRO. First, the Court finds that Plaintiff has not demonstrated that he is likely to succeed on the merits of his EMTALA claim. Plaintiff's TRO seeks relief for the "failure to stabilize" claim that this Court has already dismissed. (*See* Doc. 6.) Plaintiff asserts that the Court failed to address his failure to stabilize claim. However, this assertion is incorrect. In its prior Opinion, the Court analyzed Plaintiff's allegations in support of his failure to stabilize claim. (Doc. 6, at 10–12.) Nevertheless, the Court found that "Plaintiff ha[d] not alleged specific facts suggesting that a material deterioration of his condition was likely to occur on any of the numerous occasions he was discharged from Jefferson hospitals." (Doc. 6, at 11.) In addition, the Court found that when Plaintiff's blood pressure was high, "Plaintiff refused the treatment Jefferson offered him" and therefore "Jefferson [could] not be liable under EMTALA[.]" (*Id.* at 12.)

Plaintiff fails to plead additional facts that would dictate a different outcome here. Plaintiff's letter brief in support of his Motion fails to allege any additional facts demonstrating that he is entitled to relief. (*See generally* Mot.) Plaintiff asserts only that on August 30, 2020, he was discharged from a Jefferson hospital with high blood pressure. (Mot. at 1.) Plaintiff pleads no other facts specific to the failure to stabilize claim. Without more, and for the same reasons articulated in its prior decision, the Court cannot conclude that Plaintiff is likely to succeed on the merits of his EMTALA claim.

Second, the Court finds that Plaintiff has failed to show that he is likely to suffer irreparable harm. Based on the facts asserted in his Motion, Plaintiff was last discharged from Jefferson Hospital on August 31, 2020. (Mot. at 1.) Plaintiff does not allege that he has been back to the emergency room or suffered high blood pressure since then. (*See id.*) Accordingly, there is no indication that Plaintiff's condition will materially worsen in the interim. Moreover, Plaintiff is free to return to a Jefferson hospital in the future if he experiences serious health issues. No action from this Court is necessary. Thus, the Court finds that Plaintiff has failed to demonstrate that he is likely to suffer irreparable harm in the absence of a TRO.

**IV.   CONCLUSION**

Because Plaintiff has not demonstrated a likelihood of success on the merits or irreparable harm, the Court sees no reason to examine the other two factors. As such, Plaintiff's Motion for an *ex parte* TRO (Doc. 8) is **DENIED**.

Dated: 10/23/2020                                                                            /s/ Robert B. Kugler
                                                                                                          ROBERT B. KUGLER
                                                                                                          United States District Judge